UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

                                 Case No.  2:21-cv-12154

v.                             District Judge Nancy G. Edmunds
                                 Magistrate Judge Anthony P. Patti


JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 68.49.46.71,

        Defendant.

_____/


**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (ECF No. 4)**

       This matter is before the Court for consideration of Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference.  (ECF No. 4.)  Plaintiff filed suit on September 15, 2021, against a single "John Doe" defendant, identified only by the subscriber Internet Protocol ("IP") address he or she is alleged to have used to unlawfully download and share Plaintiff's copyrighted movies using BitTorrent software.  (ECF No. 1, PageID.1-2, 7-11, ¶¶ 1-6, 28-52; ECF No. 1-2.)  On September 21, 2021, Plaintiff filed the instant motion, in which it seeks to discover John Doe's identity by issuing a

subpoena on the Internet Service Provider ("ISP") associated with the identified IP address. (ECF No. 4.) Judge Edmunds referred this motion to me for a hearing and determination. (ECF No. 5.) For the reasons discussed below, this motion (ECF No. 4) is **GRANTED**.

## I.    BACKGROUND

This is a copyright infringement case. Plaintiff purports to own copyrights to various films, including the copyrighted works at issue in this lawsuit. (ECF No. 1, PageID.1-2, ¶¶ 1-5; ECF No. 1-2.) Plaintiff does not know the name of John Doe Defendant but indicates that it has identified Defendant through a unique IP address that was involved in the alleged infringement. (ECF No. 1, PageID.2, ¶¶ 4-5.) Among the attachments provided in support of its motion is the declaration of Patrick Paige of Computer Forensics, LLC, "a Florida based expert computer forensics company." (ECF No. 4-3, PageID.63, ¶ 3.) Mr. Paige avers that he has found evidence to support the allegation that the IP address at issue in this lawsuit "engaged in a transaction that included the transmission of a piece or pieces of a file, in response to a request for data relating to [a certain Info Hash value], in a transaction initiated . . ." on July 17, 2021. (ECF No. 4-3, PageID.67, ¶ 26.)

## II.    ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*.

Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts in this district have applied a "good cause" standard to determine whether such expedited discovery should be authorized. *See Malibu Media, LLC v. Doe*, No. 14-14237, 2015 WL 224807, at *1 (E.D. Mich. Jan 15, 2015). This issue arises not infrequently in copyright infringement cases where the identity of the infringer is not known. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2012).

Courts have further developed the "good cause" standard. Specifically, in copyright cases, the Court considers the following factors to determine whether the issuance of subpoenas to discover the identity of Doe defendants in advance of a Rule 26(f) conference is proper: (1) whether the plaintiff has made a *prima facie* showing of a copyright infringement claim; (2) whether the plaintiff has submitted a specific discovery request; (3) whether the information sought is limited in scope and not available through alternative means; (4) whether plaintiff has a central need for the subpoenaed information; and (5) whether there is minimal expectation of privacy on the part of the defendant. *Arista Records,* 604 F.3d at 119; *Patrick Collins v. Does 1-21*, Case No. 11-15232, (ECF No. 5 therein) (E.D. Mich. Dec. 16, 2011).

Having reviewed the complaint, the instant motion, and the accompanying memorandum of points and authorities, the Court finds that Plaintiff has demonstrated good cause for early discovery.  It has stated a plausible claim for direct copyright infringement (ECF No. 1, PageID.9-11, ¶¶ 47-52), and the motion specifically represents that the subpoena "will only demand the true name and address of Defendant" (ECF No 4, PageID.32).  The Court also finds that Defendant does not have a reasonable expectation of privacy in their internet subscriber information.  *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("We conclude that plaintiffs in these cases lack a Fourth Amendment privacy interest in their subscriber information because they communicated it to the systems operators."); *see also Hard Drive Prods. v. Doe*, No. 11-9062, 2012 U.S. Dist. Lexis 82927, at *10-11, 2012 WL 2196038 (N.D. Ill. June 14, 2012).  Furthermore, the information sought is: (a) necessary to prosecute Plaintiff's claim; (b) otherwise unavailable; and (c) narrowly tailored (as modified below).[1]

---

[1] As noted above, the Court is fully aware of the numerous cases that have been brought by this and other plaintiff adult film companies in this and other districts around the country, most if not all of which have sought the same expedited discovery sought here.  While Plaintiff here has satisfied the requirements necessary to permit such early discovery in this case, the modifications placed on the information to be disclosed, and the timing and circumstances of that disclosure, is this Court's attempt to protect against potentially abusive litigation tactics that have been well-documented in similar cases.  Indeed, numerous courts have remarked on what they have seen as chicanery in these cases.  *See Malibu Media, LLC v. Does 1-13*, 2012 WL 2800123, at *2, n. 10 (E.D. Cal. July 9, 2012) (noting "some growing concern among district courts about these sorts of

4

## III.   CONCLUSION

Accordingly, Plaintiff's motion (ECF No. 4) is **GRANTED** subject to the

following modifications:

1.   Plaintiff shall attach a copy of this Order to the subpoena it
     issues to John Doe's ISP.

2.   Plaintiff's subpoena to the ISP may seek only the following
     information regarding John Doe:

     a.   Full name, and
     b.   Residential address.[2]

---

expedited discovery matters"); *Malibu Media, LLC v. Does 1-5*, 2012 WL
2001968, at *1 (S.D.N.Y. June 1, 2012) (permitting limited discovery but stating
that the court "shares the growing concern about unscrupulous tactics used by
certain plaintiffs, particularly in the adult films industry, to shake down the owners
of specific IP addresses from which copyrighted adult films were allegedly
downloaded"); *see also James DeBriyn, Shedding Light on Copyright Trolls: An
Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA
Ent. L. Rev. 79, 86, 95-99 (2012) (noting that copyright holders have devised
mass-litigation models to monetize infringement using the threat of large damage
awards to force alleged infringers, even innocent ones, into settlements).

Though the court has no reason to suspect any such tactics are contemplated by
Plaintiff or its counsel in this case, the Court hereby issues a stern warning that it
will take extremely seriously any abusive or unethical litigation or settlement
tactics that come to its attention.  *See Hard Drive Prods*, 2012 U.S. Dist. LEXIS
82927, at *16 (warning plaintiffs that use of information for improper purpose,
such as to harass individuals against whom plaintiff has insufficient evidentiary
support for its allegations is a violation of Rule 11 and sanctionable).  While
copyright holders are entitled to turn to the federal courts to protect their
intellectual property rights, the Court will not permit itself to be used as an
instrumentality for any unethical or abusive conduct.

[2] *See, e.g., Malibu Media, LLC v. John Doe*, No. 13-10511, (ECF No. 7 therein)
(E.D. Mich. Feb. 26, 2013) (concluding that Plaintiff was not permitted to seek or
obtain John Doe's email address or telephone number).

3.      Within seven days of its receipt of the subpoena, the ISP shall
        reasonably attempt to identify the subject John Doe subscriber
        and provide him or her with a copy of the subpoena and this
        Order.

4.      Nothing in this Order precludes the ISP or John Doe from
        challenging the subpoena consistent with the Federal Rules of
        Civil Procedure and this Court's local rules.  However, any
        such challenge, such as a motion to quash the subpoena or a
        motion for a protective order, shall be filed before the return
        date of the subject subpoena, and the return date shall be no
        earlier than thirty-five days from the service of the subpoena on
        the ISP.  *See Third Degree Films v. Does 1-47*, No. 12-10761,
        2012 WL 4498911, at *1 (D. Mass. Oct. 2, 2012) (issuing a
        subpoena with provision for motion practice before production
        of information).  Where no motion is filed by either the ISP or
        John Doe within the time periods prescribed herein, the ISP
        shall produce to Plaintiff the information identified in
        Paragraph 2(a) and (b) above.

5.      Plaintiff and any entity that receives a subpoena shall confer, if
        necessary, with respect to the issue of payment for the
        information requested in the subpoena or for resolution of the
        IP address if it is not controlled by such entity, duplicate IP
        addresses that resolve to the same individual, or for the entity's
        internal costs to notify its customers.

6.      Any entity that receives a subpoena and elects to charge for the
        costs of production shall provide a billing summary and any
        cost reports that serve as a basis for the billing summary, along
        with any other costs claimed.

7.      Plaintiff may only use the information disclosed in response to
        a Rule 45 subpoena served on an ISP for the purposes of
        protecting and enforcing Plaintiff's rights as set forth in its
        Complaint.

**IT IS SO ORDERED.**

Dated:  September 28, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE